UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-82-TJC-JBT

RICHARD ANTHONY MOFFETT   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Richard Anthony Moffett is a 33-year-old inmate incarcerated at Hazelton FCI, serving concurrent 300-month terms of imprisonment for three counts of sex trafficking by force, fraud, or coercion. (Doc. 84, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from

---

[1] The Court assumes, for the sake of discussion, that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

prison on April 16, 2039. Defendant seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) because of the risks and hardships imposed by the Covid-19 pandemic and because his son's mother passed away four years ago. (Doc. 90, Motion for Sentence Reduction). The United States has filed a response in opposition. (Doc. 93, Amended Response).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").

2

Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

To the extent Defendant seeks a sentence reduction based on the Covid-19 pandemic, he has not demonstrated extraordinary and compelling reasons. The Covid-19 pandemic cannot independently justify a sentence reduction. Raia, 954 F.3d at 597. Defendant received two doses of the Moderna Covid-19 vaccine in August and September 2021. (Doc. 93-2). Moreover, Defendant points to no medical or physical condition of his that increases his risk of severe illness from Covid-19, or which substantially diminishes his ability to provide self-care in the prison environment and from which he is not expected to recover. See U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Defendant also seeks a sentence reduction because his son's mother passed away four years ago, the son "is left with his siblings who are also young adults with kids," and the son "needs his father and a respect[able] place to live." (Doc. 90 at 4). The policy statement provides that "[t]he death or

3

incapacitation of the caregiver of the defendant's minor child or minor children" qualifies as an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13, cmt. 1(C)(i). However, Defendant fails to offer any evidence to support his assertion. According to the Presentence Investigation Report (PSR), which was prepared only two and a half years ago, all four mothers of Defendant's six children were alive and apparently in custody of the children. (Doc. 78, PSR ¶¶ 108–112). Further, Defendant fails to identify which of his children he purportedly wants to raise. Accordingly, Defendant fails to demonstrate extraordinary and compelling reasons based on family circumstances.

In any event, Defendant is a danger to the public and the sentencing factors under § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). He stands convicted of three counts of sex trafficking by force, fraud, or coercion. As set forth in greater detail in the PSR, Defendant violently abused and trafficked five women for the purpose of forcing them to perform commercial sex acts. (Doc. 78 at ¶¶ 7–31). Defendant recruited victims who were addicted to drugs and exploited their addictions to make them dependent on him for their drug source and other needs. (Id. at ¶¶ 10, 13, 21, 24, 27). One victim was so terrified of Defendant that, when she was arrested for prostitution and Defendant appeared, she tried to hide under the floor mats of the vehicle where she was detained. (Id. at ¶ 12). Defendant beat

4

and raped another victim for behavior he disliked. (Id. at ¶ 22). He threatened yet another victim with a gun one time because he thought the victim had taken money from him. (Id. at ¶ 25). When that victim tried to flee, Defendant chased her, threatened to kill her children, and stomped her head. (Id.). Defendant's 300-month term of imprisonment is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted.

Accordingly, Defendant's Motion for Sentence Reduction (Doc. 90) is **DENIED**. Likewise, Defendant's request for the appointment of counsel is **DENIED** because the facts and the law are not complex and Defendant is capable of presenting his arguments. See United States v. Cuya, 855 F. App'x 665, 666 (11th Cir. 2021) (citing United States v. Webb, 565 F.3d 789, 794–95 (11th Cir. 2009)).

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Defendant